**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1873**

TAHIRU BAH,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: June 15, 2009               Decided: July 27, 2009

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Mary Ann Berlin, Baltimore, Maryland, for Petitioner. Gregory
G. Katsas, Assistant Attorney General, Linda S. Wernery,
Elizabeth Young, OFFICE OF IMMIGRATION LITIGATION, Washington,
D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tahiru Bah, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. Bah challenges the Board's finding that he did not establish that he was abducted and forced to work for the Revolutionary United Front ("RUF") on account of his political opinions, rather than solely as a source of forced labor. He also argues that the immigration judge and the Board ignored the evidence that he was persecuted due to his membership in a particular social group to which a pro-government political opinion was imputed. However, because Bah argued only that he was targeted by the RUF on account of his political opinions, not that he was targeted on account of imputed political opinions arising from his residence in a particular village, this court lacks jurisdiction to consider this latter claim. See Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

When an alien claims asylum or withholding of removal based on fear of persecution by a guerilla group because of a political opinion, the alien must show he is being targeted because of a political opinion belonging to or being imputed to

2

him.  INS v. Elias-Zacarias, 502 U.S. 478, 481-83 (1992).  This element is "critical" in order to show eligibility for asylum or withholding from removal.  Id. at 483.

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the ruling that Bah failed to establish his claim of past persecution or a well-founded fear of future persecution on account of a protected ground, as necessary to establish eligibility for asylum.  See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).  Moreover, as Bah cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal.  See Camara v. Ashcroft, 378 F.3d 361, 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

We also find that substantial evidence supports the immigration judge's finding that Bah fails to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed

3

country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). Upon reviewing the administrative record, we find that the immigration judge applied the proper standard to assess the evidence, and that Bah failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED